DOCKET #
U.S. DISTRICT COURT
WEST DIST OF WISCONSIN
29
JUN 22 2007
FILED
THERESA M. OWENS, CLERK
CASE #

# United States District Court

## Western District Of Wisconsin

UNITED STATES OF AMERICA

V.

PETER C. CARD JR.

**JUDGMENT IN A CRIMINAL CASE**
(for offenses committed on or after November 1, 1987)

**Case Number:** 06-CR-200-C-01

**Defendant's Attorney:** Pro Se

The defendant, Peter C. Card, Jr., pleaded guilty to count 1 of the indictment.

Count 2 through 13 of the indictment are dismissed on the motion of the United States.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud; a Class C felony | December 19, 2003 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.**

**Defendant's Date of Birth:** July 12, 1958

**Defendant's USM No.:** 06352-090

**Defendant's Residence Address:** 135 George Street
Barrington, RI 02806

**Defendant's Mailing Address:** 135 George Street
Barrington, RI 02806

June 19, 2007
Date of Imposition of Judgment

Barbara B. Crabb
Barbara B. Crabb
District Judge

June 20, 2007
Date Signed:

A TRUE COPY. Certified
JUL 27 2007
Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin
By [signature]
Deputy Clerk

Copy of this document has been provided to: US Atty, Def, USMS, Finance
this 21st day of June 2007
by S. Vogel
S. Vogel, Secretary to
Judge Barbara B. Crabb

# IMPRISONMENT

## RETURN

**I have executed this judgment as follows:**

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

Defendant delivered on ______________________ to ______________________

at ______________________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
Deputy Marshal

# PROBATION

As to count 1 of the indictment, it is adjudged that defendant is placed on probation for a term of three years.

While on probation, defendant shall not commit another federal, state, or local crime.

While on probation, defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm or destructive device while on probation.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

The instant offense is not drug related and defendant has no history of drug or alcohol abuse. Therefore, the mandatory drug testing as set forth in 18 U.S.C. §§ 3563(a) and 3583(d) is waived.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

As special conditions of probation, defendant is to:

(1) Register with local law enforcement agencies and the state attorney general as directed by the supervising U.S. probation officer;

(2) Provide the supervising U.S. probation officer any and all requested financial information;

(3) Refrain from incurring new credit charges or opening additional lines of credit without the advance approval of the probation officer;

(4) Refrain from participating in any forms of self-employment;

(5) Undergo a mental health evaluation and comply with any recommendations by the evaluating mental health professional concerning treatment or counseling; and

(6) Submit his person, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition.

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $5,000.00 | $0.00 |
| **Total** | $100.00 | $5,000.00 | $0.00 |

Defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

The Mandatory Victims Restitution Act applies to the instant offense; however, no restitution is ordered, pursuant to the provisions at 18 U.S.C. § 3663A(c)(3)(B), because determining the complex issues of fact related to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

18 U.S.C. § 3571(b) sets out the applicable fine in this case, which is limited to a maximum of $5,000 under the advisory guidelines. Defendant has the means or earning potential to pay a fine within the fine range prescribed by the advisory guidelines. Therefore, it is ordered that defendant is to pay a $5,000.00 fine to the Clerk of Court for the Western District of Wisconsin. The fine is due and payable immediately. Interest is to accrue on any unpaid portion of the fine.

# RESTITUTION

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

(1) assessment;
(2) restitution;
(3) fine principal;
(4) cost of prosecution;
(5) interest;
(6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.